UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____

SHLOMO OVED, on behalf of
himself and all others similarly situated,

                              Plaintiff,

      -vs-                              **Case No. 11-CV-3202-JG-SMG**

CAPITAL MANAGEMENT SERVICES, L.P.,

                              Defendant.
_____

## **ANSWER TO COMPLAINT**

Defendant, CAPITAL MANAGEMENT SERVICES, L.P. ("CMS" or "Defendant")), by its attorneys, Davidson Fink LLP, for its Answer to Plaintiff's Complaint, allege as follows:

    1.    In response to the allegations contained in paragraph 1 of Plaintiff's Complaint, admits that the Plaintiff purports to bring this action under the Fair Debt Collection Practices Act ("FDCPA") and Telephone Consumer Protection Act of 1991 ("TCPA") as alleged, but denies that the Plaintiff has any such claim against the Defendant, or has stated one within the Complaint.

    2.    Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraphs 2 and 3 of the Complaint, and therefore denies said allegations.

    3.    CMS admits that its principal place of business is located in Buffalo, New York and otherwise denies the remaining allegations contained in paragraph 4 of the Complaint.

4. In response to the allegations in paragraphs 5 and 6 of the Complaint, state that said allegations constitute legal conclusions of the pleader to which no response is required, but to the extent that a response is required, admits that CMS is in the business of debt collection.

5. In response to the allegations contained in paragraphs 7 and 8 of Plaintiff's Complaint, states that said allegations constitute legal conclusions of the pleader to which no response is necessary, but to the extent response is required, admits the jurisdiction and venue of this Court and otherwise denies the remaining allegations in those paragraphs of the Complaint.

6. Admits that the subject debt was placed with CMS to collect upon and otherwise denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations pertaining to the subject debt or its default as alleged in paragraph 9 of the Complaint, and therefore denies said allegations.

7. Admits that CMS sent the Plaintiff a proper debt validation notice with respect to the subject debt as referred to in paragraph 10 of the Complaint.

8. CMS admits that it made certain collection calls to the Plaintiff in July 2010 and otherwise denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraphs 11, 12 and 13 of the Complaint, and therefore denies said allegations.

9. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraphs 14, 15, 16, 17, 18, 19, 20 and 21 of the Complaint, and therefore denies said allegations.

10. Denies the allegations contained in the first WHEREFORE clause of the Complaint.

11. In response to the allegations contained in paragraph 22 of the Complaint, Defendant repeats and realleges their admissions, denials and other responses to all prior or incorporated allegations.

12. Denies the allegations contained in paragraphs 23, 24, 25, 26, 27, 28, 29 and 30 of the Complaint.

13. Denies the allegations contained in the second WHEREFORE clause of the Complaint.

14. Denies all those allegations contained in Plaintiff's Complaint not expressly admitted, denied or otherwise responded to herein.

**AS FOR A FIRST AFFIRMATIVE DEFENSE**
**ON BEHALF OF DEFENDANT:**

15. Repeats and realleges each and every allegation contained in paragraphs 1 through 14 above as though set forth in full herein.

16. Plaintiff fails to state a cause of action for which relief may be granted, and any claim is mitigated and avoided.

**AS FOR A SECOND AFFIRMATIVE DEFENSE**
**ON BEHALF OF DEFENDANT:**

17. Repeats and realleges each and every allegation contained in paragraphs 1 through 16 above as though set forth in full herein.

18. Plaintiff has failed to state a claim for actual damages in accordance with 15 U.S.C. §1692k.

### AS FOR A THIRD AFFIRMATIVE DEFENSE
### ON BEHALF OF DEFENDANT:

19. Repeats and realleges each and every allegation contained in paragraphs 1 through 18 above as though set forth in full herein.

20. Plaintiff failed to mitigate damages, if any.

### AS FOR A FOURTH AFFIRMATIVE DEFENSE
### ON BEHALF OF DEFENDANT:

21. Repeats and realleges each and every allegation contained in paragraphs 1 through 20 above as though set forth in full herein.

22. If there were any FDCPA violations on the part of CMS, such violations were non-intentional and a *bona fide* error, *inter alia*, for purposes of 15 U.S.C. §1692k(b)(c).

### AS FOR A FIFTH AFFIRMATIVE DEFENSE
### ON BEHALF OF DEFENDANT:

23. Repeats and realleges each and every allegation contained in paragraphs 1 through 22 above as though set forth in full herein.

24. Defendant did not make any false or misleading representation to Plaintiff or anyone else.

### AS FOR A SIXTH AFFIRMATIVE DEFENSE
### ON BEHALF OF DEFENDANT:

25. Repeats and realleges each and every allegation contained in paragraphs 1 through 24 above as though set forth in full herein.

26. Plaintiff did not justifiably rely upon any alleged false or misleading representation.

**AS FOR A SEVENTH AFFIRMATIVE DEFENSE**
**ON BEHALF OF DEFENDANT:**

27. Repeats and realleges each and every allegation contained in paragraphs 1 through 26 above as though set forth in full herein.

28. The alleged July 2010 message upon which this purported lawsuit is based would fall within the scope of the national class defined by the United States District Court for the District of New Jersey in the Final Order of the <u>Seraji, et. al. v. Capital Management Services, LP, et al.</u> (N.J. District Court Case No. 09-CV-3465) matter ("<u>Seraji</u> matter") attached hereto as Exhibit "A" which would preclude this purported class action suit in its entirety.

**AS FOR A EIGHTH AFFIRMATIVE DEFENSE**
**ON BEHALF OF DEFENDANT:**

29. Repeats and realleges each and every allegation contained in paragraphs 1 through 28 above as though set forth in full herein.

30. This matter is barred by the doctrine of res judicata or issue preclusion as per the Final Order of the <u>Seraji</u> matter.

**AS FOR A NINTH AFFIRMATIVE DEFENSE**
**ON BEHALF OF DEFENDANT:**

31. Repeats and realleges each and every allegation contained in paragraphs 1 through 30 above as though set forth in full herein.

32. Class treatment is grossly inferior to individual treatment in this case.

**AS FOR A TENTH AFFIRMATIVE DEFENSE**
**ON BEHALF OF DEFENDANT:**

33. Repeats and realleges each and every allegation contained in paragraphs 1 through 32 above as though set forth in full herein.

34. Plaintiff is not an adequate class representative for this matter.

### AS FOR A ELEVENTH AFFIRMATIVE DEFENSE
### ON BEHALF OF DEFENDANT:

35. Repeats and realleges each and every allegation contained in paragraphs 1 through 34 above as though set forth in full herein.

36. Common questions of law or fact do not overweigh the individual issues and preclude class treatment in this matter.

### AS FOR A TWELFTH AFFIRMATIVE DEFENSE
### ON BEHALF OF DEFENDANT:

37. Repeats and realleges each and every allegation contained in paragraphs 1 through 36 above as though set forth in full herein.

38. Plaintiff's claims are atypical of the prospective classes' claims. The claims of Plaintiff are not typical of the classes' claims.

### AS FOR A THIRTEENTH AFFIRMATIVE DEFENSE
### ON BEHALF OF DEFENDANT:

39. Repeats and realleges each and every allegation contained in paragraphs 1 through 38 above as though set forth in full herein.

40. Plaintiff's class claims lack requisite numerosity.

### AS FOR A FOURTEENTH AFFIRMATIVE DEFENSE
### ON BEHALF OF DEFENDANT:

41. Repeats and realleges each and every allegation contained in paragraphs 1 through 40 above as though set forth in full herein.

42. Plaintiff fails to state a cause of action under 47 U.S.C. §227(b)(1)(A)(iii) of the TCPA and any calls were made to a landline and would not constitute a paging service, cellular telephone service, specialized mobile radio service or other radio

communication carrier service, or any service for which the called party is charged for a call.

### AS FOR A FIFTEENTH AFFIRMATIVE DEFENSE
### ON BEHALF OF DEFENDANT:

43.     Repeats and realleges each and every allegation contained in paragraphs 1 through 42 above as though set forth in full herein.

44.     Plaintiff lacks standing to state a cause of action under 47 U.S.C. §227(b)(1)(A)(iii) of the TCPA as the Plaintiff does not own the landline at issue in this lawsuit.

### AS FOR A SIXTEENTH AFFIRMATIVE DEFENSE
### ON BEHALF OF DEFENDANT:

45.     Repeats and realleges each and every allegation contained in paragraphs 1 through 44 above as though set forth in full herein.

46.     Plaintiff's actions as a residential subscriber to have eVoice technology forward certain calls routed from a landline to any wireless telephone does not violate 47 U.S.C. §227(b)(1)(A)(iii) of the TCPA as per the Federal Communication Commission ("FCC") directive in <u>In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991</u>, 20 FCC Rcd. 3788, 3807.

### AS FOR A SEVENTEENTH AFFIRMATIVE DEFENSE
### ON BEHALF OF DEFENDANT:

47.     Repeats and realleges each and every allegation contained in paragraphs 1 through 46 above as though set forth in full herein.

48.     Here, even though CMS was not using an auto-dialer that possessed capacity to store or produce numbers to be called, even if it did use such equipment, calls

to a business and/or residential telephone number by a debt collector are specifically exempted by the TCPA.

## AS FOR A EIGHTEENTH AFFIRMATIVE DEFENSE
## ON BEHALF OF DEFENDANT:

49.　Repeats and realleges each and every allegation contained in paragraphs 1 through 48 above as though set forth in full herein.

50.　Plaintiff offers no basis for the discretionally trebling of statutory damages under the TCPA.

WHEREFORE, Defendant respectfully request that Plaintiff's Complaint be dismissed, Defendant's reasonable attorney's fees and costs and for such other and further relief which to the Court may seem just and proper.

DATED: September 15, 2011
　　　　Rochester, New York

　　　　　　　　　　　　　　　　　　/s/:  Glenn M. Fjermedal
　　　　　　　　　　　　　　　　　　Glenn M. Fjermedal, Esq.
　　　　　　　　　　　　　　　　　　DAVIDSON FINK LLP
　　　　　　　　　　　　　　　　　　28 East Main Street, Suite 1700
　　　　　　　　　　　　　　　　　　Rochester, New York 14614
　　　　　　　　　　　　　　　　　　Telephone:  (585) 546-6448

　　　　　　　　　　　　　　　　　　Attorneys for Defendant
　　　　　　　　　　　　　　　　　　Capital Management Services, L.P.,